UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTWANN JOHNSON,

        Petitioner,

vs.                              Case No. 3:14-cv-1351-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

_____

**ORDER**

Petitioner initiated this action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) and a Memorandum of Law (Doc. 4) on October 29, 2014.[1] He challenges his 2009 Duval County conviction for escape, battery on a law enforcement officer, and battery against a law enforcement animal. Petition at 1.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant

---

[1] The Petition was filed with the Clerk on November 3, 2014; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (October 29, 2014). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

>      to the judgment of a State court. The
>      limitation period shall run from the latest
>      of--
>
>           (A) the date on which the judgment
>           became final by the conclusion of
>           direct review or the expiration of
>           the time for seeking such review;
>
>           (B) the date on which the impediment
>           to filing an application created by
>           State action in violation of the
>           Constitution or laws of the United
>           States is removed, if the applicant
>           was prevented from filing by such
>           State action;
>
>           (C) the date on which the
>           constitutional right asserted was
>           initially recognized by the Supreme
>           Court, if the right has been newly
>           recognized by the Supreme Court and
>           made retroactively applicable to
>           cases on collateral review; or
>
>           (D) the date on which the factual
>           predicate of the claim or claims
>           presented could have been discovered
>           through the exercise of due
>           diligence.
>
>      (2) The time during which a properly filed
>      application for State post-conviction or other
>      collateral review with respect to the
>      pertinent judgment or claim is pending shall
>      not be counted toward any period of limitation
>      under this subsection.

28 U.S.C. § 2244(d).

Respondents, in their Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Response) (Doc. 13), contend that Petitioner has failed to comply with the limitation period. They

provided exhibits in support of their contention. (Doc. 13).[2] Petitioner was given admonitions and a time frame to respond to the request to dismiss the Petition contained within the Response. See Court's Order (Doc. 8). Petitioner filed a Reply to Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Reply) (Doc. 15).

The Court will first address Respondents' claim of untimeliness. Petitioner was charged by information with escape, battery on a law enforcement officer, and battery against a law enforcement animal. Ex. C at 13-14. On the day of trial, he entered a plea of guilty. Id. at 32-3. On September 29, 2009, the court adjudicated Petitioner guilty as to all counts, entered judgment, and sentenced Petitioner as an habitual felony offender to concurrent ten-year terms on counts one and two, and a one-year prison term on count three. Id. at 34-41.

Petitioner appealed, id. at 70, 90, Ex. D, Ex. E, and on April 12, 2011, the First District Court of Appeal (1st DCA) affirmed per curiam the conviction and sentence. Ex. F. The mandate issued on June 10, 2011. Ex. I.

---

[2] The Court refers to the Respondents' exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page. Otherwise, the Court will reference the page number on the particular document. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

On May 18, 2011, Petitioner moved to correct his sentence pursuant to Rule 3.800(a), Florida Rules of Criminal Procedure. Ex. K at 1-9. The circuit court denied the motion. Id. at 10-23. Petitioner appealed. Id. at 30; Ex. L; Ex. M. The 1st DCA affirmed per curiam on August 17, 2012. Ex. N. The mandate issued on September 12, 2012. Ex. O.

Petitioner filed a pro se Rule 3.850 post conviction motion in the circuit court on September 21, 2011. Ex. DD at 1-51. The circuit court denied the Rule 3.850 motion in an order filed on November 28, 2012.[3] Id. at 52-96. Petitioner failed to file an appeal within thirty days, with the time to appeal expiring on December 28, 2012. Thus, the one-year limitation period was tolled until December 28, 2012.

At this point, there were 365 days remaining in the one-year limitation period. It began to run on December 29, 2012. The limitation period ran for 157 days, until Petitioner filed a petition for belated appeal on June 3, 2013.[4] Ex. Q. He filed an

---

[3] The order references, under "copies to", the Office of the State Attorney and Petitioner. Ex. DD at 54. The deputy clerk's certificate of service, indicating that a copy of the order is being provided to Petitioner at his institutional address, is dated November 28, 2012. Id. at 54-55.

[4] Eleventh Circuit precedent teaches that a petition for belated appeal is bereft of the required characteristics of an application for collateral review and simply, if successful, revives the right to prosecute an appeal:

> The court in Espinosa went on to hold that a petition for belated postconviction

4

amended petition for belated appeal on November 8, 2013. Ex. X. On February 18, 2014, the 1st DCA granted the petition for belated appeal.[5] Ex. AA. The 1st DCA, on July 7, 2014, affirmed per

>   appeal does not qualify as an application for collateral review under § 2244(d)(2), because, under Florida law, it "does not reach the merits of the anticipated appeal or the validity of the order to be appealed." Id. at 1141 (quoting Jones v. State, 922 So. 2d 1088, 1090 (Fla. 4th DCA 2006)); see also Danny v. Sec'y, Fla. Dep't of Corr., 811 F.3d 1301, 1302 (11th Cir. 2016) (holding that a petition for a belated direct appeal, under Fla. R. App. P. 9.141(c), does not qualify as an application for State collateral review under § 2244(d)(2) and does not toll the limitations period).

Wickboldt v. Jones, No. 3:16CV217/MCR/CJK, 2017 WL 2060009, at *4 (N.D. Fla. Apr. 13, 2017), report and recommendation adopted by No. 3:16CV217/MCR/CJK, 2017 WL 2058208 (N.D. Fla. May 12, 2017). Thus, a petition for belated appeal does not qualify as an application for state collateral review under 28 U.S.C. § 2244(d)(2).

[5] Since the state appellate court granted Petitioner's petition for belated appeal, it considered the merits of the underlying claims, triggering "a reexamination of his conviction or sentence[.]" Espinosa v. Sec'y, Dep't of Corr., 804 F.3d 1137, 1142 (11th Cir. Oct. 23, 2015). As a result, the petition for belated appeal tolled the federal limitations period. Although the period was not tolled after the appeal period expired and, as a result, 157 days ran on the one-year period, the subsequent properly filed motion for belated appeal provided additional tolling "beginning at the time of the proper filing of that motion," as long as it was filed before the limitations period expired. Peterson v. Jones, No. 3:14-cv104/RV-CJK, 2015 WL 1061677, at *6 (N.D. Fla. Mar. 11, 2015) (citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003)). See Espinosa v. Sec'y, Dep't of Corr., 804 F.3d at 1142 (discussing the Fifth Circuit's decision in Melancon v. Kaylo, 259 F.3d 401, 407 (5th Cir. 2001), and recognizing that an application is no longer considered to be pending when an appeal period lapses, but a subsequent properly filed application is considered to provide additional tolling beginning on the date of the proper filing). In this instance, the petition for belated appeal was

curiam the decision of the circuit court in denying the Rule 3.850 motion. Ex. GG. The mandate issued on August 28, 2014. Ex. JJ. Thus, at this point there were 208 days remaining in the limitation period. Petitioner filed his federal Petition on October 29, 2014, sixty-two days later, well-within the one-year limitation period. As such, Respondents request that the Petition be dismissed as untimely filed is due to be denied.

Alternatively, even assuming the Petition was untimely filed, Petitioner is entitled to equitable tolling. An explanation follows.

Petitioner claims that he can establish that equitable tolling of the statute of limitations is warranted. He asserts there were extraordinary circumstances both beyond his control and unavoidable even with diligence. Reply at 5-8. He contends that he is entitled to equitable tolling because the trial court failed to provide him with a copy of its order filed on November 28, 2012, preventing him from filing a timely appeal of the denial of his Rule 3.850 motion. Id.

---

filed before the limitation period expired, the state appellate court granted the motion, and the reexamination of the merits commenced, thereby "lift[ing] the finality that had attached to his conviction and sentence." Agnew v. Florida, No. 16-14451, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 1614451, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). In this particular scenario, tolling is appropriate because the state court excused the untimeliness and ruled on the merits of the underlying claim for collateral relief.

Petitioner urges this Court to find that his untimely filing of his federal Petition should be contributed to circumstances beyond his control. Specifically, he blames his untimely filing on the lower tribunal's failure to notify him of the final disposition of his post conviction motion. Reply at 5. He seeks the equitable tolling of the time that elapsed between the denial of his post conviction motion and the completion of his belated appeal.

The Eleventh Circuit recognizes: "[t]he limitations period is subject to equitable tolling." Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1218 (11th Cir. 2017) (citing Holland v. Florida, 560 U.S. 631, 645 (2010)). Indeed,

> There is another way in which the § 2244(d) clock can be tolled. A late petition may be accepted under the principle of equitable tolling. "Equitable tolling allows state prisoners to toll the statute of limitations based on extraordinary circumstances that are both beyond their control and unavoidable even with diligence." Pollock v. Sec'y, Fla. Dep't of Corrs., 2016 WL 5799647, *2 (11th Cir. 2016). To establish the right to equitable tolling, Pollock continues, the Petitioner must demonstrate two criteria. It is the Petitioner's burden of persuasion, and he must show (1) the diligent pursuit of his rights and (2) some extraordinary circumstance that stood in his way and that prevented timely filing. This avenue of relief is extraordinary in nature. The relief of equitable tolling is rare and exceptional. It is a form of relief that is applied sparingly.

Agnew v. Florida, No. 16-14451-CIV, 2017 WL 962489, at *5 (S.D. Fla. Feb. 1, 2017), report and recommendation adopted by No. 16-14451-CIV, 2017 WL 962486 (S.D. Fla. Feb. 22, 2017). However, Petitioner "bears the burden of establishing his entitlement to equitable tolling." Pollock v. Sec'y, Dep't of Corr., 664 F. App'x 770, 772 (11th Cir. 2016) (per curiam) (citing Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003)).

With regard to Petitioner's contention that he is entitled to equitable tolling of the time that elapsed between the denial of his post conviction motion and the completion of his belated appeal, the Court looks to the period between November 28, 2012, the date of the denial of the Rule 3.850 motion, and August 28, 2014, the date the First District Court of Appeal issued the mandate after addressing the belated appeal of the denial of the Rule 3.850 motion. Thirty days of this period are considered to be tolled, allowing for an appeal of the denial of the Rule 3.850 motion. As such, the one-year limitations period was tolled until Friday, December 28, 2012. That leaves the period from December 29, 2012 until August 28, 2014 (the date the mandate issued on the affirmance of the denial of the Rule 3.850 motion), at issue. Ex. GG, Ex. JJ.

The record shows that Petitioner proceeded pro se in his Rule 3.850 proceeding. The 1st DCA granted a belated appeal, Ex. AA, and the mandate issued on March 6, 2014. Ex. BB.

The remaining question is whether Petitioner exercised due diligence in attempting to ascertain the status of his Rule 3.850 motion. The record shows the following. On September 21, 2011, Petitioner filed his Rule 3.850 motion. Ex. DD at 1-51. On October 29, 2012, the circuit court ordered the state to respond. Ex. Q, Appendix A, Order Directing State Attorney to File Response. On November 8, 2012, the state provided Petitioner with a courtesy copy of its response. Id., Appendix B, Letter. On January 14, 2013, Petitioner filed, pursuant to the mailbox rule, a Motion to Rule in the circuit court. Id., Appendix C, Motion to Rule. Apparently, after receiving no response, Petitioner filed a Petition for Writ of Mandamus in the 1st DCA on March 28, 2013. Ex. X, Appendix A, Petition for Writ of Mandamus. The 1st DCA, on May 21, 2013, notified Petitioner that the circuit court entered its order denying the Rule 3.850 motion on November 28, 2012, provided him with a copy of the order, and found the petition for writ of mandamus moot. Id., Appendix B, Order.

On May 21, 2013, Petitioner contacted the Mayo Correctional Institution mail room officials to determine if there was any incoming legal mail for Petitioner in December, 2012. Id., Appendix C, Inmate Request/Response. On May 29, 2013, the mail room official responded that there was no incoming legal mail for Petitioner in the month of December. Id. On June 3, 2013, Petitioner filed his Notice for Belated Appeal in the 1st DCA. Ex.

9

Q. He followed this notice with a motion for enlargement of time to prepare his brief. Ex. R. On June 6, 2013 and June 19, 2013, the 1st DCA ordered Petitioner to comply with proper service upon the state. Ex. S; Ex. T. On July 25, 2013, the 1st DCA denied the motion for an extension of time and directed Petitioner to show cause why his case should not be dismissed for failure to comply with the court's service order. Ex. U. Petitioner responded to the court's order to show cause on August 12, 2013. Ex. V. The 1st DCA, on September 24, 2013, dismissed the petition for belated appeal "for failure to comply with the court's service order of August 19, 2013." Ex. W.

Although not entirely clear from the incomplete state court record presented to the Court, apparently the 1st DCA granted a motion for rehearing allowing for the filing of an amended petition for belated appeal. Ex. X, Appendix D, Letter to Clerk. Petitioner filed his Amended Petition for Belated Appeal on November 8, 2013. Ex. XX, Amended Petition for Belated Appeal. On November 19, 2013, the 1st DCA ordered the state to file a response, Ex. Y, and the state responded. Ex. Z. The 1st DCA granted a belated appeal on February 18, 2014. Ex. AA. The mandate issued March 6, 2014. Ex. BB.

Petitioner promptly filed a notice of appeal on March 10, 2014. Ex. CC at 1. After briefing, the 1st DCA per curiam affirmed on July 7, 2014. Ex. GG. The mandate issued on August 28,

2014. Ex. JJ. Petitioner filed his federal Petition two months later on October 29, 2014.

With regard to question of Petitioner's diligence, the record confirms that he diligently sought information about his case, believing that the circuit court had not yet ruled on his motion. In fact, in slightly over two months after his Rule 3.850 motion became ripe, Petitioner filed a Motion to Rule in the circuit court on January 14, 2013. Thereafter, he filed a Petition for Writ of Mandamus in the 1st DCA on March 28, 2013. On May 21, 2013, the 1st DCA notified Petitioner that his post conviction motion had been denied. On May 21, 2013, Petitioner contacted the prison mail room staff seeking information about the institutional log of his incoming legal mail. Once Petitioner verified that he had received no incoming legal mail from the circuit court, Petitioner filed his June 3, 2013 notice for belated appeal.

The fact that the circuit court's order never reached Petitioner at his institution "was certainly beyond [his] control." Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002) (per curiam). The Court is persuaded that this record shows that Petitioner diligently attempted to ascertain the status of his post conviction case through his actions and inquiries. Petitioner waited a brief period of time, just over two months after the motion became ripe, before making inquiries about the status of his post conviction motion. Cf. Pollock, 664 F. App'x at 773 (waiting

seventeen months after the filing of his brief to make a single inquiry is insufficient to show reasonable diligence on the part of a prisoner). This constitutes an exercise of reasonable diligence. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir.) (it is reasonable diligence, not maximum feasible diligence that is required for equitable tolling purposes) (citation omitted), cert. denied, 565 U.S. 843 (2011).

The Court is of the opinion that Petitioner has shown that he is entitled to extraordinary relief. Although equitable tolling is a remedy that should be used sparingly, under these circumstances, the Court finds that Petitioner has shown that he exercised reasonable diligence in attempting to ascertain the status of his Rule 3.850 motion, and the delay in obtaining the order not only hindered the exhaustion of his state court remedies, but delayed the filing of the federal Petition. Indeed, the Court is persuaded that not only was there a diligent pursuit of his rights, there was also an extraordinary circumstance that stood in his way, preventing timely filing.

Based on the record, Petitioner demonstrates that he is entitled to equitable tolling. Therefore, Respondents' Motion to Dismiss is due to be denied.

Accordingly, it is now

**ORDERED:**

1. Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus as Untimely (Doc. 13) is **DENIED.**

2. Petitioner's Motion to Rule (Doc. 18) is **DENIED as moot.**

3. Respondents shall respond to the merits of the Petition by **July 31, 2017.**

4. Petitioner shall file his reply by **August 30, 2017.**

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of June, 2017.

_____
BRIAN J. DAVIS
United States District Judge

sa 6/13
c:
Antwann Johnson
Counsel of Record